```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAIDEN CREEK T.V. APPLIANCE, INC:        CIVIL ACTION
                                  :
           v.                     :
                                  :
GENERAL CASUALTY INSURANCE        :
COMPANY                           :      NO. 05-667
```

MEMORANDUM

Bartle, J.                                              July 21, 2005

      Plaintiff Maiden Creek T.V. Appliance, Inc. ("Maiden Creek") has brought an action against its insurer, General Casualty Insurance Company ("General Casualty") for breach of contract, bad faith pursuant to 42 Pa. C.S.A. § 8371, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 et seq. The claims plaintiff makes under its insurance policy arise out of fire damage to plaintiff's business in August, 2003. Plaintiff alleges defendant acted in bad faith by its delays and failure to provide full payment under the policy.

      Plaintiff has moved to compel more complete responses to its interrogatories and requests for production and to compel depositions. Defendant has withheld information in investigative reports and activity log reports concerning "reserve information and mental impressions" and withheld correspondence on the ground of "privilege." In its motion, plaintiff seeks specifically: unredacted copies of defendant's activity logs and investigative

reports;" a new deposition of defendant's claim analyst, Stephen Ebensen, if necessary, pertaining to the redacted information; unredacted copies of documents not produced because defendant claimed them to be protected by attorney-client or work product privilege; bills and receipts received by defendant from attorney Lee Janiczek and accountant David Wright, including its financial records for 2004; and more specific information regarding what defendant believes supports its affirmative defenses, including its financial records for 2004.[1]

Defendant argues that the reserve information redacted from the investigative and activity log reports is not discoverable because it is not reasonably calculated to lead to the discovery of admissible information.  We recognize that there is generally only a "tenuous link between reserves and actual liability given that numerous considerations factor into the calculation of reserves in accordance with statutory requirements," and the court requires a showing of good cause before it will order production of reserve information.  Robinson v. Hartford Ins. Co., No. Civ.A. 03-5618, 2004 WL 1090991, *1 (E.D. Pa. May 11, 2004); Safeguard Lighting Sys., Inc. v. N. Am. Specialty Ins. ("Safeguard"), No. Civ.A. 03-4145, 2004 WL

---

1. Plaintiff also moves to compel the depositions, prior to August 1, 2005, of:  (1) Brian Scott, the supervisor to Stephen Ebensen; (2) attorney Lee Janiczek; (3) accountant David Wright; and (4) Brian Kerico.  However, after a recent telephone conference with counsel, the court has extended discovery deadlines.  We will therefore deny this request without prejudice.

3037947, *3 (E.D. Pa. Dec. 30, 2004) (citing <u>Fid. & Deposit Co. of Md. v. McCulloch</u>, 168 F.R.D. 516, 525 (E.D. Pa. 1996)).  Here, however, as in <u>North River Insurance Company v. Greater New York Mutual Insurance Company</u> ("<u>North River</u>"), 872 F. Supp. 1411, 1412 (E.D. Pa. 1995), liability is undisputed, and plaintiff has made a claim for bad faith.  Thus, the reserve information is "germane" to defendant's analysis of the value of the insured's claims and is therefore discoverable on the question of bad faith.  <u>Id.</u>  Further, mental impressions of an insurer's non-attorney agents contained in claims files are also at issue and are discoverable.  Defendant must produce the redacted portions of its discovery pertaining to the reserves set and mental impressions of Ebensen, its claims analyst.

      Defendant argues that the other information it has not produced is protected by the attorney-client privilege or work product doctrine.  The attorney-client privilege protects disclosure of professional advice by an attorney to a client or of communications by a client to an attorney to enable the attorney to render sound professional advice.  <u>See Upjohn Co. v. United States</u>, 449 U.S. 383, 390 (1981); Fed. R. Evid. 501.  The work product doctrine protects material prepared by or for an attorney in preparation for possible litigation but does not protect materials prepared in the ordinary course of business.  <u>United States v. Nobles</u>, 422 U.S. 225, 238 (1975); <u>Safeguard</u>, 2004 WL 3037947, *2 (citing <u>Holmes v. Pension Plan of Bethlehem Steel Corp.</u>, 213 F.3d 124, 138 (3d Cir. 2000)).  The party

asserting the work product doctrine bears the burden of demonstrating qualification of the materials for protection. Holmes, 213 F.3d at 138.  Where the court nevertheless orders discovery of work product documents, it must protect against disclosure of the party's attorney's mental impressions, conclusions, opinions, or legal theories.  Fed. R. Civ. P. 26(b)(3).

There are several portions of the investigative reports by Ebensen relaying to Brian Scott of General Casualty what Ebensen was told by outside attorney Lee Janiczek.  These portions are protected by the attorney-client privilege and need not be produced.

The correspondence withheld by defendant consists of two letters between attorney Janiczek and General Casualty claims analyst Stephen Ebensen, a letter between Janiczek and Patricia O'Brien of General Casualty, an email between Ebensen and General Casualty claims manager Ernest Bussolini regarding status of settlement negotiations, and an email between Bussolini and Brian Scott regarding settlement negotiations and reserve information.

Despite plaintiff's argument that correspondence between Janiczek and Ebensen or O'Brien was during a period when Janiczek should be considered a claims investigator, we find after our review that these correspondences are protected by attorney-client privilege.  See Upjohn, 449 U.S. at 395.  An attorney does not step outside of his role as an attorney simply because he conducts some investigation.  Thus, the correspondence

between Ebesen or O'Brien and Janiczek is privileged.  We note defendant has stated it will not assert a defense to plaintiff's bad faith claim that it relied upon the advice of counsel.

The emails withheld were exchanged between employees of defendant in 2004.  They discuss reserve information and authority to settle.  As stated, defendant bears the burden of demonstrating these materials are protected by the work product doctrine.  Holmes, 213 F.3d at 138.  We have already decided that the reserve information in this case is relevant to plaintiff's bad faith claim.  See North River, 872 F. Supp. at 1412.  These documents appear to have been prepared in the ordinary course of business rather than for an attorney in preparation for possible litigation and are therefore discoverable.  See United States v. Nobles, 422 U.S. at 238.

Plaintiff has requested copies of all invoices and bills received by defendant from attorney Janiczek and accountant Wright.  Defendant argues that these documents are not relevant in that they are not reasonably calculated to lead to the discovery of admissible evidence.  We agree.  See Fid. & Deposit Co. of Md., 168 F.R.D. at 523-24.

Finally, plaintiff has moved this court to direct defendant to provide a more specific response to its interrogatory concerning defendant's affirmative defenses. According to plaintiff, defendant's initial response simply referenced thousands of pages of documentation without identifying where the information sought could be found.

Defendant has not opposed this portion of plaintiff's motion, and we will therefore direct defendant to provide a more specific response.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAIDEN CREEK T.V. APPLIANCE, INC:       CIVIL ACTION
                                 :
        v.                       :
                                 :
GENERAL CASUALTY INSURANCE       :
COMPANY                          :      NO. 05-667
```

                                ORDER

AND NOW, this 21st day of July, 2005, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of plaintiff to compel more complete interrogatory responses to its interrogatories and requests for production and to compel depositions is GRANTED in part and DENIED in part;

(2) defendant shall produce, within 10 days, unredacted copies of investigative reports, activity log reports, "correspondence between Ernest Bussolini and Steve Ebensen dated 6/30/04," and "memo from Brian Scott to Ernest Bussolini dated 4/13/04," designated in their privilege log (Exhibit A);

(3) plaintiff shall have an opportunity to re-depose Stephen Ebensen but only regarding the unredacted portions of the aforesaid documents;

(4) defendant shall serve, within 10 days, a more specific response to plaintiff's interrogatory regarding defendant's affirmative defenses;

      (5)  the motion of plaintiff to depose, prior to August 1, 2005:  (1) Brian Scott, the supervisor to Stephen Ebensen; (2) attorney Lee Janiczek; (3) accountant David Wright; and (4)Brian Kerico is DENIED without prejudice; and

      (6)  the motion is otherwise DENIED.

                                 BY THE COURT:

                                 /s/ Harvey Bartle III
                                                     J.