IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAIDEN CREEK T.V. & APPLIANCE, INC. | : | CIVIL ACTION |
| v. | : | |
| GENERAL CASUALTY INSURANCE CO. | : | NO. 05-667 |

MEMORANDUM

Bartle, C.J.                                                            February 8, 2008

      This diversity action arises out of a commercial fire insurance policy dispute. Plaintiff Maiden Creek T.V. & Appliance, Inc. ("Maiden Creek") brought this action against its insurer defendant General Casualty Insurance Company ("General Casualty") for breach of contract, bad faith pursuant to 42 Pa. C.S.A. § 8371, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 et seq. It is undisputed that plaintiff suffered fire damage to its retail facility in August, 2003. General Casualty acknowledges liability but disputes the amount of the claim. The litigation was stayed while the parties submitted to the appraisal process set forth in the insurance policy. The umpire entered an award on October 27, 2007. Now before the court is the petition of plaintiff Maiden Creek to modify the appraisal award.

I.

      On August 28, 2003, plaintiff Maiden Creek suffered fire damage to its commercial retail facility and business

property located in Reading, Pennsylvania.  Plaintiff's business was covered by a fire insurance policy (the "Policy") issued by defendant General Casualty.  Between the date of the fire and July 2, 2004, General Casualty compensated plaintiff $270,177.43 for covered losses.  This included $50,000 for business property, including $27,557.22 for loss of stock materials such as smoke-damaged electronics, and $41,326 for lost business income.  Plaintiff claimed that General Casualty owed at least an additional $166,841.76.  The defendant then demanded appraisal under the Policy's appraisal provision, which stated that:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire... The appraisers will state separately the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.

Plaintiff chose Robert L. Zackowski, an experienced claims adjuster, as its appraiser.  Defendant chose John F. McHenry III, also an experienced claims adjuster.  The two appraisers appointed Gene Carey, C.P.A., as umpire.

Mr. Carey sent an e-mail containing his findings on three discrete issues to the appraisers on August 10, 2007.  The parties met on October 23, 2007 to discuss those issues and a number of others.  Arguments were made and compromises were struck.  Both Mr. Zachowski and Mr. McHenry prevailed on certain issues and not on others.  The session resulted in a document

entitled "Business Personal Property and Loss of Business Income Appraisal Award," signed by the umpire and both appraisers. It awarded plaintiff a total of $76,721.40 for business personal property and $47,034.76 for loss of business income.

Plaintiff's appraiser, Mr. Zackowski, later sent to Mr. McHenry and Mr. Carey a "Revised Umpire Award Document" describing and proposing a higher award. The document included awards of $2500 for "inventory preparation cost coverage" and $1400 for "valuable papers and records coverage," which Mr. Zackowski asserts had been agreed to by him and Mr. McHenry prior to the October 23, 2007 session. Mr. McHenry, by contrast, asserts that the he and Mr. Zackowski agreed that "inventory preparation cost coverage" and "valuable papers and records coverage" were not due under the contract. Mr. McHenry further states that the lack of compensation for these categories in the October 23 document was intentional and recognized at the time of signing.

Plaintiff now asserts that: (1) the award of $24,801.50 for loss of stock materials should be increased to the previously agreed-upon award of $27,557.22; (2) the overall award should be increased by $3900 to include coverage for "inventory preparation cost" and "valuable papers and records"; (3) the overall award should be increased by $3158.62 to correct an agreed-upon mathematical error; and (4) costs and attorneys' fees should be awarded under Rule 11 of the Federal Rules of Civil Procedure.

II.

An insurance policy issued in Pennsylvania and providing coverage for fire losses is required to contain an appraisal provision. See 40 Pa. Stat. Ann. § 636. Appraisal, like arbitration, is "the approved public policy of this Commonwealth." Ice City, Inc. v. Ins. Co. of N. Am., 314 A.2d 236, 241 (Pa. 1974). Appraisal is favored as an alternative dispute resolution mechanism when as here the liability for the loss is admitted and the only question that remains is the amount of the loss. Id. at 240-41.

Awards issued in arbitration and appraisal are equally enforceable and are subject to the same "severely limited" review by trial courts. See Boulevard Assocs. v. The Seltzer P'ship, 664 A.2d 983, 987 (Pa. Super. 1995). Under Pennsylvania statute, "[t]he award of an arbitrator in a nonjudicial arbitration ... is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa. Stat. Ann. § 7341. This is consistent with the sentiment that "[t]o permit anything but limited judicial review defeats the purpose of appraisal as well as arbitration." Boulevard, 664 A.2d at 987. However, there is an important caveat that "arbitrators' authority is restricted to the powers the parties have granted them, and the trial court may examine whether the arbitrators exceeded the scope of their authority." Id. (citing Sley Sys.

Garages v. Transp. Workers Union of Am., 178 A.2d 560, 561-62 (Pa. 1962); Giant Mkts. v. Sigma Mktg. Sys., 459 A.2d 765 (Pa. Super. 1983)).

The first question before us is whether the amount awarded in the October 23, 2007 document for loss of stock materials, including smoke-damaged electronics, was within the scope of the appraisers' authority. The appraisal process at hand is governed by the contract between the parties. That contract, the insurance policy, states that the parties may resort to the appraisal process only if they "disagree on the amount of the loss."

Here, the loss amount of $27,557.27 for the stock materials had been agreed to and paid by defendant over three years prior to the appraisal award. The parties did not "disagree on the amount of the loss" as to this item, so that the necessary predicate to invoke the appraisal process under the Policy had not been met. Thus, the reduction of the $27,557.27 to $24,801.50 exceeded the authority of the appraisers and umpire. We will grant plaintiff's petition insofar as it requests an upward modification of the appraisal award by $2755.77 to reflect a $27,557.27 loss of stock materials.

The second question we must address is whether plaintiff is entitled to an award for "inventory preparation cost coverage" and "valuable records and papers coverage." Absent a clear showing that a party was denied a hearing or that fraud, misconduct, corruption, or other irregularity caused the

rendition of an unjust, inequitable, or unconscionable award, we cannot modify the appraisal award. 42 Pa. Stat. Ann. § 7341.

Plaintiff has introduced no evidence other than the after-the-fact protests of Mr. Zachowski, its appraiser, to suggest that the appraisal process itself was unfair or improperly conducted. Instead, the most compelling evidence in this case is the signature of Mr. Zachowski on the October 23, 2007 appraisal award. That document, drafted by the umpire, Mr. Carey, appears on its face to be a final and complete appraisal award as to business personal property and loss of business income. It was drafted and signed after a long give-and-take session between the parties' appraisers and the umpire. Plaintiff's position, that Mr. Zachowski, an experienced claims adjuster, signed the document believing it to be an incomplete and incorrect summation of the finalized award, is simply not credible. Plaintiff has not demonstrated any basis to increase the appraisal award on account of "inventory preparation cost coverage" and "valuable records and papers coverage." We will deny plaintiff's petition in this regard.

The parties agree that the award document contained a mathematical error which resulted in a shortfall of $3158.62 in the final award. We will therefore grant plaintiff's petition insofar as it requests an upward modification of the appraisal award in the amount of $3158.62 to correct an agreed-upon mathematical error.

Finally, because we find that defendant has not adopted specious defenses or positions during this litigation, we will deny plaintiff's request for sanctions, costs, and fees.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAIDEN CREEK T.V. & APPLIANCE, INC. | : | CIVIL ACTION |
| v. | : | |
| GENERAL CASUALTY INSURANCE CO. | : | NO. 05-667 |

ORDER

AND NOW, this 8th day of February, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the petition of plaintiff to modify the appraisal award of October 23, 2007 is GRANTED in part and DENIED in part;

(2) the appraisal award of October 23, 2007 in favor of plaintiff Maiden Creek T.V. & Appliance, Inc. and against defendant General Casualty Insurance Company is increased by $2755.77 to reflect a $27,557.27 loss of stock materials and is increased by $3158.62 to correct a mathematical error, for a total award of $82,635.79 in compensation for plaintiff's business personal property loss; and

(3) the petition is otherwise DENIED.

BY THE COURT:

/s/ Harvey Bartle
_____ C.J.